**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRIAN THOMAS LOWERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0616-CVE-PJC |
| | ) | |
| RANDY WORKMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner did not file a response to the motion. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that on May 7, 2007, Petitioner Brian Thomas Lowery was formally sentenced after having been found guilty by a jury at the conclusion of a trial held in Tulsa County District Court, Case No. CF-2005-4425. Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed September 5, 2008, in Case No. F-2007-471, the OCCA affirmed all of Petitioner's convictions but modified two of his sentences, and directed all counts to be served concurrently. See Dkt. # 7, Ex. 1. Nothing in the record suggests that Petitioner sought *certiorari* review in the United States Supreme Court.

Respondent states that on August 28, 2009, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma. See Dkt. # 7. By

Order filed October 7, 2009, that petition was dismissed without prejudice to being refiled in the appropriate judicial district. See Dkt. # 7, Ex. 2; see also Dkt. # 1, attachments.

On September 27, 2010, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). In the certificate of mailing, Petitioner states that he placed his petition in the prison mailing system on August 25, 2010. However, rather than send his petition directly to the Court, it appears that Petitioner sent his petition to a third party who then sent the petition to the Clerk of Court. See Dkt. # 1, attached envelope.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on December 4, 2008, after the OCCA concluded direct review on September 5, 2008, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on December 4, 2008, and, absent a tolling event, a federal petition for writ of habeas corpus filed after December 4, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The record reflects that on August 28, 2009, or prior to expiration of the one-year period, Petitioner filed a timely petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma. That petition was dismissed on October 7, 2009, without prejudice to refiling in the proper judicial district. However, Petitioner is not entitled to tolling of the limitations period for the time that petition was pending. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Nothing in the Order filed by the United States District Court for the Western District of Oklahoma relieved Petitioner of the obligation to file his federal petition in the proper judicial district prior to expiration of the one-year limitations period. Petitioner was required to file a petition in this district court prior to December 4, 2009. Petitioner did not file his petition until September 27, 2010, or more than nine (9) months too late. Therefore, unless Petitioner

demonstrates that he is entitled to equitable tolling of the limitations period, his petition is clearly untimely.

Petitioner failed to file a response to Respondent's motion to dismiss. In his petition, he states that his petition is timely because "[u]nder a year ago, I filed a petition with the United States District Court -- Western District of Oklahoma which was revealed to be the incorrect judicial district to file the proper petition." See Dkt. # 1. However, nothing in 28 U.S.C. § 2244(d) provides that the dismissal of the improperly filed habeas petition reset or restarted the running of the one-year limitations clock. Under the facts of this case, Petitioner's deadline was December 4, 2009. The pendency of his improperly filed petition in the Western District of Oklahoma did not change that deadline.[1]

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

---

[1] The Court notes that even if Petitioner were credited with the forty (40) days his improperly filed habeas petition was pending in the Western District and if his petition were considered "filed" as of August 25, 2010, under the prisoner mailbox rule, Houston v. Lack, 487 U.S. 266 (1988), the petition in this case is still untimely and barred by the one-year statute of limitations.

timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record suggests that Petitioner pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. After his improperly filed petition was dismissed by the Western District of Oklahoma, Petitioner had close to two (2) months remaining in his one-year limitations period. However, he waited almost a full year to file the instant petition. Therefore, the Court finds Petitioner did not pursue his claim diligently and he is not entitled to equitable tolling. As a result, this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

**DATED** this 26th day of April, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT